# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO.: 3:02 CR 152-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| BOBBY LAMONT HOWIE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2) Fed. R. Crim. Pro.," filed February 16, 2005. The Government has not responded and the time to do so has expired. Accordingly, this Motion is ripe for disposition.

On July 11, 2002, Defendant pled guilty to conspiracy to possess with intent to distribute, and distribute, cocaine and cocaine base within 1,000 feet of a protected area, and to possession of a firearm by a convicted felon. A Judgment was entered against Defendant on March 27, 2003, sentencing Defendant to two hundred ten (210) months incarceration. The Defendant now asks this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Under 18 U.S.C. § 3582(c)(2), a court may modify an imposed term of imprisonment where the defendant has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . [and] after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section

3582(c)(2) is only applicable to instances where a defendant is sentenced and a provision in the Sentencing Guidelines is subsequently amended, which, had the amendment occurred prior to the defendant's sentencing, would have resulted in a lower term of imprisonment. In such an instance, the court has the discretion to amend the defendant's term of imprisonment, but only after also considering the factors listed in § 3553(a) and the policy statements issued by the Sentencing Commission. This is not the situation now before this Court.

Defendant refers to Amendment 599 in his motion as the amendment which entitles him to a modification in his sentence. It is not apparent from a reading of Defendant's motion exactly why Amendment 599 would entitle him to such a modification. However, nonetheless, the Court has thoroughly examined Amendment 599, other relevant provisions of the Sentencing Guidelines, and the Judgment entered against Defendant. Nothing in any of these provisions or in the Judgment provides any basis for modifying Defendant's sentence.

In addition, the Court will briefly address Defendant's request to have counsel appointed for purposes of his § 3582 claim. There is no constitutional right to court-appointed counsel in proceedings post-sentencing, except for an appeal. Furthermore, the Court does not have the funds available to provide defendants with court-appointed counsel to assist with post-sentencing proceedings. Defendant also briefly raises an ineffective assistance of counsel claim in regards to the attorney who represented him through his plea and sentencing, although he provides no details other than that he would like to file such a claim. This claim should be made on direct appeal or in a § 2255 motion to vacate or set aside the judgment.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2) is hereby **DENIED**.

Signed: January 30, 2006

*Richard L. Voorhees*
Richard L. Voorhees
Chief United States District Judge