# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:02-CR-00152

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| BOBBY LAMONT HOWIE, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER comes before the Court upon Defendant's "Motion For Specific Performance and Memorandum of Law in Support Thereof" (Doc. No. 276).

## I. Background

As a basis for the instant motion, Defendant states that in June 2002, he entered a plea agreement to two counts in a drug conspiracy, with the Government agreeing to dismiss five counts. Defendant further states that he was induced to enter this plea agreement and waive his right to a jury trial and other constitutionally protected rights based upon the prosecutor's alleged oral promise to file a 5K1.1 motion for downward departure at sentencing and a Rule 35(b) motions within one year after sentencing in exchange for Defendant's continued cooperation and substantial assistance. The United States Attorney made a 5K1.1 motion for downward departure at sentencing based upon Defendant's substantial assistance to the Government. Defendant contends the Government additionally made an oral promise to reduce his sentence even further through the filing of a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

In granting the Government's motion pursuant to Section 5K1.1 of the Sentencing Guidelines, Defendant ultimately was sentenced to a term of imprisonment of 210 months, which

was well below his initial guidelines range of 360 months to Life, and also below the statutory minimum of twenty (20) years. The United States Attorney never made a Rule 35(b) motion thereafter, and Defendant claims that this failure was a breach of the oral promises that induced him to enter the plea agreement. Defendant now seeks specific enforcement of that agreement and a reduction of his sentence.

II. Analysis

"[U]nless the government's failure to file a substantial assistance motion is 'based on an unconstitutional motive' . . . or is 'not rationally related to any legitimate Government end,' district courts have no authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001) (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)).

Here, Defendant has not made any allegations, let alone the "substantial showing" required, that would lead this Court to conclude that such an unconstitutional motive was at play. Wade, 504 U.S. at 186 ("additional but generalized allegations of improper motive" are insufficient). Moreover, Defendant has not shown that the Government's declination to file a Rule 35(b) motion is not rationally related to a legitimate Government end. Indeed, Defendant admits he never testified in any trial on behalf of the Government.

Finally, Defendant received the benefit of the Government's motion for downward departure pursuant to 5K1.1 at his sentencing, which provided a significant reduction in his sentencing guidelines range as a result of the substantial assistance he provided to the Government prior to his sentence hearing. Defendant's general statements that he cooperated with the Government and that the Government verbally agreed to file a Rule 35 are insufficient to warrant relief under this record.

IT IS, THEREFORE, ORDERED that Defendant's motion (Doc. No. 276) is DENIED.

IT IS SO ORDERED.

Signed: September 16, 2008

Frank D. Whitney
United States District Judge